NEW YORK HOME MISSIONARY SOCIETY v. FIRST FREEWILL BAPTIST CHURCH AND SOCIETY OF LAWRENCE.

(Supreme Court, Special Term, St. Lawrence County. July 10, 1911.)

PARTITION (§ 32*)—PARTIES TO ACTION—RELIGIOUS CORPORATION—"PERSON."

Code Civ. Proc. § 1532, provides that where two or more persons are in possession of realty as tenants in common, etc., in which either of them has an estate of inheritance, etc., one or more of them may maintain an action for partition, and for a sale if partition cannot be made. General Construction Law (Consol. Laws 1909, c. 22) § 37, provides that the term "person" includes a corporation. Religious Corporations Law (Consol. Laws 1909, c. 51) § 12, provides that a religious corporation shall not sell its realty without applying and obtaining leave of court pursuant to the Code of Civil Procedure, and provides for the sale of the property of certain churches, in the manner stated. *Held*, that an action for the partition and sale of property jointly owned by two religious corporations would lie between such corporations; section 12 referring to the procedure in case of a voluntary sale of its own property by a religious corporation, and not preventing a partition sale.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 32.*

For other definitions, see Words and Phrases, vol. 6, pp. 5322–5335, vol. 8, p. 7752.]

Action by the New York Home Missionary Society against the First Freewill Baptist Church and Society of Lawrence. On demurrer to the complaint. Demurrer overruled.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Willis J. Fletcher, for plaintiff.
John A. Smith, for defendant.

J. A. KELLOGG, J.   The complaint in this action is in the form usual in partition actions.   The relief demanded is the partition of property alleged to be owned by the plaintiff and defendant, and, in case a partition cannot be had, that the premises be sold and the proceeds divided.   The complaint alleges that the plaintiff is a corporation, but its character is not specified.   It alleges that the defendant is a religious corporation.   The character of the property sought to be partitioned is not disclosed.

The defendant demurs to the complaint upon the grounds: First. The complaint does not state facts sufficient to constitute a cause of action.   Second. The court has no jurisdiction of the person of the defendant.   Third. The court has no jurisdiction of the subject of the action.

[1] The specific point raised is that inasmuch as the defendant is a religious corporation, and the complaint indicates that the plaintiff is also a religious corporation, a partition action will not lie.   It is asserted by defendant that the only proceeding whereby the property of a religious corporation may be sold is one provided for by section 12 of the religious corporation law, and inasmuch as this action may result in a sale it cannot be maintained.

I do not agree with the contention of the defendant.   I think the section in question has reference, solely, to the procedure necessary to be employed in the case of a voluntary sale or disposition, by a religious corporation, of its own property.   I do not believe it to be within the contemplation of the spirit of the requirement of the letter of the statute to forbid the maintenance of partition action, because a religious corporation is a holder of one or more undivided shares. If it were, any tenant in common might prevent the partitioning of property held in cotenancy by a resort to the expedient of conveying a small undivided share to a friendly religious corporation.

The provisions of the statute are broad.   Section 1552 of the Code of Civil Procedure provides:

"Where two or more persons hold and are in possession of real property, as joint tenants or as tenants in common, in which either of them has an estate of inheritance, or for life, or for years, any one or more of them may maintain an action for the partition of the property, according to the respective rights of the persons interested therein; and for a sale thereof, if it appears that a partition thereof cannot be made, without great prejudice to the owners."

Section 37 of the general construction law provides:

"The term 'person' includes a corporation."

The latter provision is a re-enactment of section 5 of the statutory construction law.

It would seem to me that to exclude from the general provisions of the statute permitting partition of real property all property in which a religious corporation held an interest would produce an incongruous result.   The section relied upon and the procedure which it invokes

was enacted for the purpose of permitting, under the direction of the court, sales of the property of religious corporations owned by them, in order to avoid the previously necessary proceeding of obtaining special enactments from the Legislature. It is the successor of previous statutes giving to religious corporations powers along this line not previously enjoyed at common law. Madison Avenue Baptist Church v. Baptist Church in Oliver Street, 46 N. Y. 131. The purpose and effect of the statute was to give the court supervision over such sales, and it was not intended to destroy the possibility of an adjustment of the rights of cotenants, when one of them happens to be a religious corporation, also under the supervision of the court.

The demurrer should be overruled, with the usual leave to the defendant to answer upon payment of costs.